United States District Court
Southern District of Texas
**ENTERED**
February 08, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| MICAH GARY JOEL ROLPH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | MISC. ACTION NO. 7:18-MC-599 |
| | § | |
| LAURA HINOJOSA, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION

Plaintiff Micah Gary Joel Rolph, proceeding pro se, has filed an Application to Proceed Without Prepayment of Fees, along with a civil rights complaint pursuant to 42 U.S.C. § 1983. (Docket No. 1.) In fact, Plaintiff has filed no fewer than nine (9) civil actions in the McAllen Division of the Southern District of Texas, all of which appear to stem from the same basic set of facts.[1] Plaintiff alleges, in essence, that his rights were violated when the Rio Grande City CISD abruptly and without due process terminated his employment as a high school teacher based on his criminal history, forcibly removed him from the school premises, and maliciously beat him.

As discussed below, the undersigned recommends that the above miscellaneous action be consolidated into Plaintiff's first-filed miscellaneous case, which was *Rolph v. Rio Grande City CISD, et al.*, No. 7:18-mc-579.

## I. DISCUSSION

Federal Rule of Civil Procedure 42(a) "should be used to expedite trial and eliminate unnecessary repetition and confusion." *Miller v. U.S. Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1984) (citing *In re Air Crash Disaster*, 549 F.2d 1006, 1013 (5th Cir. 1977). "If actions before

---

[1] Plaintiff's other eight (8) civil actions have been referred to United States Magistrate Judge J. Scott Hacker. *See* 18-mc-579, 596-98, 600-02, and 1302.

the court involve a common question of law or fact, the court may . . . consolidate the actions." FED. R. CIV. P. 42(a)(2); *see Fla. Marine Transporters, Inc. v. Barberich*, No. 07-cv-3604, 2008 WL 482729, at *1 (E.D. La. Feb. 15, 2008) (judicial efficiency and economy, as well as the interests of justice, are valid reasons to consolidate two actions). "A motion to consolidate is not required; the court may invoke Rule 42(a) *sua sponte*." *Miller*, 729 F.2d at 1036 (citing *Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir. 1973)).

In deciding whether or not to consolidate actions, courts have considered the following factors: "1) the cases are pending before the same court; 2) a common party is involved in the cases; 3) common issues of law and/or fact are involved; 4) no risk of prejudice or confusion if the cases are consolidated; and 5) judicial resources will be reserved." *Castro v. Freeman*, No. CV B-09-208, 2010 WL 11474252, at *1 (S.D. Tex. July 9, 2010) (string cite omitted). In addition, it is appropriate to consider the relative stage that the cases are at in their respective proceedings. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 762 (5th Cir. 1985) ("Consolidation may properly be denied in instances where the cases are at different stages of preparedness for trial.").

Here, the factors weigh in favor of consolidating Plaintiff's civil actions. To begin with, all the cases are pending before the same court; specifically, the McAllen Division of the Southern District of Texas. The cases have been initiated by the same plaintiff, although they do not contain common defendants.[2] The actions involve related alleged violations of civil rights,

---

[2] In the instant action, Plaintiff named as a sole defendant Laura Hinojosa, Hidalgo County District Clerk. In his earliest-filed miscellaneous case, Plaintiff names Rio Grande City CISD, Rio Grande City CISD Police Department, Luis Garza, and Starr County Memorial Hospital as the four defendants. *Compare Rolph v. Hinojosa*, 7:18-mc-599, *with Rolph v. Rio Grande City CISD, et al.*, 7:18-mc-579.

2

and perhaps more importantly, they contain significant factual overlap as they stem from the same series of events. According to Plaintiff, the actions arose based on the following:

> On the orders of Superintendent of Rio Grande City CISD Dr. Arcadio J. Salinas III and Rio Grande City High School Principal Ricardo Saenz, on the date of April 13, 2017, Rio Grande City CISD police department directed by assistant principal Mark Olivarez and Rio Grande City CISD police chief Trinidad Lopez came to Mr. Rolph's assigned classroom at Rio Grande City High School, trashed and destroyed Mr. Rolph's classroom and handcuffed Mr. Rolph and severely and maliciously beat Mr. Rolph. Mr. Rolph was publicly shamed and given inadequate medical and mental health treatment after being beaten, Mr. Rolph was thrown into Starr County Jail with the charge of trespassing in his own classroom when in fact and on that date Mr. Rolph was still a contracted teacher who had never gone through due process to be removed as a teacher. Mr. Rolph was jailed on charges during Easter weekend, and discharged from jail without a proper safety plan.

(*Compare Rolph v. Rio Grande City CISD, et al.*, 7:18-mc-579, Docket No. 1-1, at 5, with *Rolph v. Hinojosa*, 7:18-mc-599, Docket No. 1-1, at 5.) Stated another way, the Court will have to address the same—or similar—underlying questions of law and/or fact for these actions.

In addition, because the cases will involve common issues of law and fact, judicial efficiency will benefit from consolidating the actions, and judicial resources can thus be saved in the process of litigating the actions. Finally, all of Plaintiff's miscellaneous actions are still at the same stage; namely, the *in forma pauperis* stage prior to the civil actions being opened.[3]

As such, the undersigned concludes that the relevant factors weigh strongly in favor of consolidation. This conclusion is further supported by the fact that at least one of Plaintiff's related actions has already been consolidated with his first-filed case.[4]

---

[3] Plaintiff's application to proceed in forma pauperis has been denied in his earliest filed miscellaneous case. *See Rolph v. Rio Grande City CISD, et al.*, 7:18-mc-579, Docket Nos. 1, 5.

[4] As noted, Plaintiff's other related cases have been assigned to Magistrate Judge Hacker. *See supra* n.1. Judge Hacker has likewise filed reports recommending that each of the subsequently-filed cases be consolidated into case that was filed first. At least one of those cases has been ordered to be consolidated by the District Court. *See Rolph v. Hidalgo County*, 7:18-mc-596, Docket No. 5.

## II.  CONCLUSION

Accordingly, the undersigned respectfully recommends that Miscellaneous Action No. 7:18-mc-599 be **CONSOLIDATED** into Miscellaneous Action No. 7:18-mc-579, and that Miscellaneous Action No. 7:18-mc-599 be closed.  It is further recommended that Plaintiff's Application to Proceed Without Prepayment of Fees (Docket No. 1) be **DENIED** as moot.

## NOTICE

The Clerk shall send a copy of this Report and Recommendation to Plaintiff, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure.  Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on February 7, 2019.

_____
Peter E. Ormsby
United States Magistrate Judge